IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Archie Bernard Malone, ) | |
| ) | Civil Action No. 6:05-1168-TLW-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| John LaManna, Warden, and FCI ) | |
| Edgefield Education Department Staff, ) | |
| ) | |
| Respondents. ) | |
| ) | |

    The petitioner, a federal prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2241.

    Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

    On June 16, 2005, the respondents filed a motion to dismiss or, in the alternative, for summary judgment. By order of this court filed June 17, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his response on July 7, 2005. As matters outside the pleading have been submitted to and not excluded by this court, the respondents' motion will be treated as one for summary judgment.

**FACTS PRESENTED**

The petitioner is currently incarcerated at the Federal Correctional Institution Williamsburg in Salters, South Carolina ("FCI Williamsburg"). From January 27, 2000, to May 20, 2005, he was housed at the Federal Correctional Institution, Edgefield, South Carolina ("FCI Edgefield"). He is serving a 137-month term imposed by the United States District Court for the Southern District of Florida. On August 19, 1999, the petitioner was sentenced for violation of 21 U.S.C. §841(a)(1), possession with intent to distribute crack cocaine. He currently has a projected release date of December 22, 2008, assuming he continues to earn and does not lose any Good Conduct Time (resp. m.s.j., ex. 11).

On September 12, 2004, the petitioner filed a Request for Administrative Remedy to the Warden at FCI Edgefield, seeking to have the diploma he received from a correspondence school recognized for purposes of fulfilling the Bureau of Prison's ("BOP") GED requirement (resp. m.s.j., ex. 1). On September 20, 2004, the Acting Warden denied this request, advising the petitioner that only GED test results or diplomas from actual high schools were acceptable to fulfill this requirement (resp. m.s.j., ex. 2). The petitioner appealed this decision to the Regional Director, who affirmed the institution's response (resp. m.s.j., ex. 3, 4). The petitioner appealed this decision to the Office of the General Counsel in Washington, D.C. (resp. m.s.j., ex. 5). He received a response from the National Inmate Appeals Administrator dated March 9, 2005, which affirmed the institution's response (resp. m.s.j., ex. 6). Thus, the petitioner has exhausted his administrative remedies.

Good conduct eligibility for federal offenders is governed by Title 18, United States Code, Section 3624(b)(1). Generally, federal offenders convicted of offenses occurring after November 1, 1987, are eligible to receive up to 54 days good conduct time toward their sentence for each year of imprisonment. One of the conditions to receiving this credit is that the inmate must either have or be making "satisfactory progress toward" a

"high school diploma or an equivalent degree." 18 U.S.C. §3624(b)(1). Further, a federal statute requires that the BOP have a "mandatory functional literacy requirement" such that inmates will achieve at least an eighth-grade level in reading and mathematics on a nationally recognized standardized test, or functional competency on a nationally recognized test. *Id.* §3624(f)(2) and (3).

The BOP has promulgated regulations and policy statements in order to implement these statutory requirements. *See* 28 C.F.R. §544.70 *et seq.,* and Program Statement 5350.28, "Literacy Program (GED Standard)," dated December 1, 2003, a copy of which is attached to the petition as app. pp. 12-26. Upon arrival at a BOP institution, staff will determine whether an inmate has a high school diploma or GED certificate (app. pp. 24-25). If not, the inmate will be required to participate in the mandatory literacy program for a minimum of 240 classroom hours. *See* 28 C.F.R. §544.70 and app. pp. 16, 25. So long as an inmate is participating in classes in an effort to obtain a GED certificate, he will be eligible to earn 54 days good conduct time toward the sentence for each full year of his federal sentence. 28 C.F.R. §544.73(b)(1). He will continue to be eligible for the 54 days each year, so long as he does not refuse to enroll in the literacy program, does not receive a disciplinary action relating to the literacy program in the preceding 240 instructional hours, or does not withdraw from the program. *Id.*

According to the declaration of Susan Kepner, the Supervisor of Education at FCI Edgefield, upon his arrival at FCI Edgefield, the petitioner was evaluated by the Education Department staff to determine his educational background and needs. Staff determined that he did not have a high school diploma or a GED. Therefore, he was given the Adult Basic Learning Examination (the "ABLE") in order to determine his functional literacy levels so he could be placed in appropriate classes. When the petitioner tested at

3

levels below those necessary to take the GED test,[1] he was enrolled in pre-GED classes so he could gain the necessary skill and knowledge to enable him to take the GED. The petitioner was placed in "GED-SAT" status, which indicated he was making progress toward his literacy requirements, and would ensure he was eligible to receive up to 54 days good conduct credit for each full year of his federal term (resp. m.s.j., ex. Kepner decl. ¶¶ 6-10; resp. m.s.j, ex. 9). The petitioner was enrolled in pre-GED classes at FCI Edgefield from the date a seat in the classes became available through the date of his departure en route to FCI Williamsburg (Kepner decl. ¶ 11). He is currently in GED-SAT status at FCI Williamsburg, awaiting placement in a pre-GED class (resp. m.s.j., ex. 10).

The petitioner alleges he is entitled to a determination that he has a valid high school diploma, since he received a diploma via a correspondence course from Thompson High School in Pennsylvania (pet. ¶¶ 4.7. 4.8, 5.3). The respondents argue that the BOP does not accept correspondence courses for high school diplomas. When determining whether an inmate has a high school diploma, the BOP requires that the diploma, if earned prior to incarceration, is obtained from a high school that the inmate actually physically attended. Ms. Kepner stated in her declaration that the reason for this policy is the "minimal level of supervision over correspondence coursework" since the work is not done under classroom conditions (Kepner decl. ¶ 5).

The petitioner asserts that he enrolled in the correspondence course because a member of the Education Department staff at FCI Edgefield named "Barbara Walters" advised him to do so on April 9, 2003. He claims that Ms. Walters told him that if he completed the course, he would be considered to have a high school diploma for purposes fo the BOP mandatory literacy program (pet. ¶ 4.5; pet. opp. to m.s.j. at 4). In support of their motion, the respondents submitted the declaration of Susan Walters, who was

---

[1] The petitioner scored at the fourth-grade level in language skills, the fifth-grade level in vocabulary, the sixth-grade level in spelling and arithmetic, and the eighth-grade level in reading comprehension and problem solving (Kepner decl. ¶ 7).

4

formerly a teacher and Assistant Supervisor of Education at FCI Edgefield. Susan Walters testified in her declaration that to her knowledge she "was the only person involved in the approval of correspondence courses with the last name 'Walters' employed at FCI Edgefield." However, she stated that she was not employed at FCI Edgefield on April 9, 2003. Ms. Walters has no specific memory of the petitioner but stated that when an inmate expressed an interest in enrolling in a correspondence high school program, she would advise the inmate that the BOP would not recognize completion of that course as proof of a high school credential or a GED unless completion of the course required successful completion of the GED test. She would approve an inmate's participation in such a course if the inmate believed it would help him learn and meet his educational goals. She testified that she never would have told an inmate that the program the petitioner completed would be accepted as a high school credential by the BOP (resp. reply, ex. 1, Walters decl. ¶¶ 4-9).

## ANALYSIS

The petitioner's complaint is that he is required to continue to make satisfactory progress toward a GED in order to continue to earn the 54 days good conduct time for which he is eligible each year. As argued by the respondents, the petitioner is challenging an administrative decision that does not impact either the fact or the duration of his sentence. Thus, it is not cognizable under habeas. As the Fourth Circuit Court of Appeals has explained:

> The principle to be deduced from [Supreme Court precedent] appears to be that when the claim is of a constitutional due process violation, such as in *Wolff* [*v. McDonnell*, 418 U.S. 539 (1974)], relating (1) to prison procedures that do not affect the length or duration of his sentence as then existing, or (2) is a claim for damages because of mistreatment violative of constitutional rights and relating strictly to the conditions of his confinement and not "its fact or duration," the suit may be maintained, without exhaustion of state remedies, as a § 1983

5

> action; but that, if the "core" of the prisoner's claim is the length or duration of his sentence and any claim of damages is purely ancillary to and dependent on a favorable resolution of the length or duration of his sentence, the proceeding is in habeas.

*Todd v. Baskerville*, 712 F.2d 70, 73 (4th Cir. 1983). Accordingly, this court recommends that the respondents' motion to dismiss be granted without prejudice. The petitioner will have full opportunity to adjudicate his constitutional claims if he files an action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, this court recommends that the respondents' motion to dismiss be granted without prejudice.

                s/William M. Catoe
                United States Magistrate Judge

November 18, 2005

Greenville, South Carolina